**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **ELIZABETH NOVA, for herself and the Class,** *Plaintiff,* | : | |
| **v.** | : | **C.A. NO.: 1:25-cv-10105** |
| **BOSTON MEDICAL CENTER CORPORATION,** *Defendant.* | : | |

**DEFENDANT BOSTON MEDICAL CENTER CORPORATION'S**
***FIRST* NOTICE OF SUPPLEMENTAL AUTHORITIES**

Defendant Boston Medical Center Corporation ("BMC") respectfully submits this Notice of Supplemental Authorities to advise the Court of decisions issued after the completion of briefing on BMC's pending motion to dismiss ("Motion," ECF Nos. 17, 18), addressing similar claims regarding alleged use of tracking technologies. The decisions cited by BMC here address relevant issues raised in BMC's Motion, including a decision by Judge Stearns of this Court dismissing an essentially identical claim under the Electronic Communications Privacy Act (ECPA).

BMC also responds below to Plaintiff's recently-filed Notice of Supplemental Authority (ECF No. 24) (the "Notice"), purporting to identify a "decision in the *Tenet Healthcare* case the parties discussed in their briefing" and that "the court (Saris, J.) denied a motion to dismiss a claim under the [ECPA] relating to the use of tracking technologies on a healthcare website." The decision in the Notice was *not* issued by Judge Saris but is from District Judge Dena Coggins of the United States District Court for the Eastern District of California.[1] BMC briefly responds to the Notice here.

[1] Plaintiff acknowledged the case is *Doe v. Tenet Healthcare Corp.*, 2025 WL 1635956 (E.D. Cal. June 9, 2025) in her Correction of Notice of Supplemental Authority, ECF No. 25.

The following newly issued decisions support BMC's arguments made in this case:

1. *Goulart v. Cape Cod Healthcare, Inc.*, 2025 WL 1745732, at *3–4 (D. Mass. June 2, 2025) (dismissing the plaintiff's ECPA claim and refusing to apply the "crime-tort" exception because "[t]he Complaint fails . . . to plausibly allege that [the hospital]'s 'primary motivation' or 'determinative factor' in disclosing plaintiffs' personal health information through the software-tracking technology to Facebook and Google was for the purpose of committing a criminal violation or tort, as opposed to commercial gain or convenience"; "there are no factual allegations in the Complaint from which the court could conclude that CCHC, a non-profit hospital system, installed Meta Pixel and software-tracking technology with the 'primary motivation' of knowingly committing a violation of HIPAA or perpetrating a tort" and "commercial purposes or advantages are not the stuff of which a crime-tort is made"; the Court further "emphasize[d] that it [wa]s unconvinced that the Complaint sufficiently alleges an independent crime or tort beyond the alleged interception itself").

2. *Beltran v. Doctors Medical Center of Modesto and Tenet Health*, *et al*, 2025 WL 1635467, at *5 (E.D. Cal. June 9, 2025) (dismissing the invasion of privacy, implied contract, and state-law equivalent of an ECPA claims because: 1) "Plaintiffs do not identify with specificity what information they provided to Defendants via their browsing activity on the Website and thus what information was subsequently transmitted to Meta" and "[a]lthough Plaintiffs' complaint spans over fifty pages, only two pages are dedicated to detailing Plaintiffs' interactions with Defendants' Website[,] . . . vaguely alleg[ing] that they used the Website to search for information related to 'actual or potential' health conditions" but "Plaintiffs do not describe the types of searches they conducted or the webpages they viewed, even though their browsing activity on the Website forms the basis for their assertion that their information was purportedly shared with Meta,

and "Plaintiffs have not alleged sufficient facts to demonstrate that their browsing activity on the Website was related to the provision of healthcare, as opposed to 'general health information [regarding conditions, symptoms, and doctors] accessible to the public at large'"; 2) "Plaintiffs' reliance on Defendants' privacy policy as the basis for an implied contract is misplaced," they "do not allege they reviewed Defendants' privacy policies prior to using the Website," and "[r]ather than alleging any kind of consideration, Plaintiffs allege that supplying Defendants with user data in exchange for services was sufficient to establish an implied in fact contract," which "is insufficient to support a claim for breach of implied contract"; 3) "the court does not find Plaintiffs' allegations sufficient to plead the 'contents' of their communications that were purportedly intercepted by Defendants").[2]

3. *Harrill v. Emanuel Medical Center*, No. 2025 WL 1635428, at *6 (E.D. Cal. June 9, 2025) (same as *Beltran*, dismissing claims for invasion of privacy, implied contract, and CIPA).

4. *Rand v. Eyemart Express, LLC*, 2025 WL 1519726, at *5 (N.D. Tex. May 27, 2025) (dismissing ECPA, implied contract, and intrusion upon seclusion claims) ("plaintiffs have failed to plead facts to plausibly establish that any PHI was shared with Meta"; "because no facts support a violation of HIPAA, the crime-tort exception does not apply here[,] [b]ecause the ECPA is a one-party consent statute and [defendant] consented to the tracking on its site, plaintiffs have failed to state a claim under the ECPA"; and "Plaintiffs' breach of contract claims and intrusion upon seclusion claims are premised upon the disclosure of plaintiffs' PHI[,] . . . claim[ing] any disclosure of PHI is contrary to [defendant]'s Terms of Use and the implied contract not to disclose PHI without consent" and "Plaintiffs also claim that the sharing of PHI would be highly offensive to a

[2] The state-law ECPA equivalent at issue in *Beltran*—and *Harrill* and *King*, *infra*—was the California Invasion of Privacy Act (CIPA) which "is analyzed under the same standards applied to a violation of the federal wiretap act, [ECPA]." 2025 WL 1635467, at *9.

reasonable person," but "plaintiffs have failed to plausibly plead facts to show that any PHI was shared with Meta, there is insufficient factual basis to state a claim for breach of contract, breach of implied contract, or intrusion upon seclusion").

5. *Doe 1 v. Chestnut Health Sys., Inc.*, 2025 WL 1616635, at *12 (C.D. Ill. June 6, 2025) (dismissing negligence and ECPA claims) ("'simultaneous tort arising from the act of [interception] itself is insufficient,'" quoting *Caro v. Weintraub*, 618 F.3d 94 (2d Cir. 2010), and "[a] recitation of the elements that the Defendant's purpose was tortious or criminal, without alleging any facts—independent of the interception itself—that it was done for a criminal or tortious purpose, will not do"; "Plaintiffs complain about the interception itself," which "is made clear by the fact that the Plaintiffs allege the Defendant's criminal or tortious conduct occurred 'simultaneously' and 'contemporaneously' with the interception" and "Plaintiffs also allege, contradictorily, that the Defendant shared the information . . . 'for the purpose of creating targeted online advertisements and enhanced marketing services', not tortious or criminal conduct").[3]

6. *King v. Hard Rock Café Int'l (USA), Inc.*, 2025 WL 1635419, at *4 (E.D. Cal. June 9, 2025) (dismissing CIPA claim, which, as noted *supra* n.1 "is analyzed under the same standards applied to a violation of the federal wiretap act, Electronic Communications Privacy Act," for failure to allege that the "contents" of any message was intercepted, because "Plaintiff's FAC is devoid of any allegation describing her search queries, if any" and "[n]otably, Plaintiff's FAC provides examples of the types of 'full-string URLs' allegedly intercepted by Meta, but Plaintiff

[3] *See also Doe I v. Google* 2025 WL 1616720, at *3 (N.D. Cal. June 6, 2025) ("While the plaintiffs argue that the crime-tort exception should apply, they have not alleged facts (under any pleading standard) sufficient to create an inference that the providers were in cahoots with Google for Google to intercept health information in violation of HIPAA.").

does not allege she conducted the searches or visited the webpages provided in the examples. Thus, Plaintiff has not alleged that the 'contents' of her communications were intercepted.").

7. *Stevens v. TD Bank, N.A.*, 2025 WL 1779164, at *4–6 (D.N.J. June 27, 2025) (dismissing negligence, negligence per se, unjust enrichment, declaratory judgment, breach of confidence, breach of contract, breach of implied contract, and certain state statutory claims) (While "[n]o doubt the Complaint describes the functionality of the Pixel in considerable detail," "Plaintiff's case cannot ride solely on the general or theoretical capabilities of the Pixel" and "[t]he Pixel must have captured and disclosed his personal financial information to state a claim. In other words, Plaintiff must – but fails to – connect the Pixel's functionality in the abstract to him individually." "Without this information, the Court cannot determine what information [plaintiff] actually shared with [defendant] or whether that information is legally protected." "And allegations regarding 'a *hypothetical visitor*' to [defendant]'s website do not suffice." "Without well-pled factual allegations establishing that [defendant] disclosed *Plaintiff's* personal financial information, Plaintiff cannot plead the necessary elements of his claims, such as a breach of duty, causation, injury, or deception." (emphasis in original)).

Finally, *Doe v. Tenet Healthcare Corp.*, 2025 WL 1635956 (E.D. Cal. June 9, 2025) should not be followed here. *First*, that court's determination that merely alleging that PHI *may* have been disclosed was sufficient to invoke the crime tort exception cannot be reconciled with jurisprudence from this Court, including most recently *Cape Cod Healthcare*, which requires the alleged crime or tort to have been the "primary motivation" or "determinative factor" for effectuating the alleged wiretap.[4] (Motion, 4–8; and Reply 2–8; 8–9). *Second*, the alleged

[4] *See also United States v. McHugh*, 57 F. Supp. 3d 95, 100 (D. Mass. 2014) (similar); *United States v. Kovolas,* 1998 WL 452218, *4 (D. Mass. July 27, 1998) (similar).

underlying crime or tort in *Doe* also conflicts with *Cape Cod Healthcare,* where "[t]he court emphasize[d] that it is unconvinced that the Complaint sufficiently alleges an independent crime or tort beyond the alleged interception itself"—as BMC argued here. *Id.* at 10 n.3.

**WHEREFORE**, BMC respectfully requests that the Court consider the authorities and points noted herein when considering its pending Motion to Dismiss.

*/s/ Wm Maxwell Daley*
Linn F. Freedman, BBO #639564
Wystan M. Ackerman, BBO #651086
Wm Maxwell Daley, BBO #694729
**ROBINSON & COLE LLP**
One Boston Place, 26th Floor
Boston, Massachusetts 02108
Tel.: 617-557-5900
Fax: 617-557-5999
lfreedman@rc.com
wackerman@rc.com
wdaley@rc.com

*Attorneys for Defendant Boston Medical Center Corporation*

**CERTIFICATE OF SERVICE**

I, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 10, 2025.

*/s/ Wm Maxwell Daley*
Wm Maxwell Daley