**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **ELIZABETH NOVA, for herself and the Class,** *Plaintiff,* | |
| **v.** | **C.A. NO.: 1:25-cv-10105** |
| **BOSTON MEDICAL CENTER CORPORATION,** *Defendant.* | |

**DEFENDANT BOSTON MEDICAL CENTER CORPORATION'S**
***SECOND* NOTICE OF SUPPLEMENTAL AUTHORITIES**

Defendant Boston Medical Center Corporation ("BMC") respectfully submits this Second Notice of Supplemental Authorities to advise the Court of decisions issued after the close of briefing on BMC's motion to dismiss (the "Motion," ECF Nos. 17, 18) and its First Notice of Supplemental Authorities (ECF No. 30), addressing similar claims regarding alleged use of tracking technologies. BMC also briefly responds to Plaintiff's Second Notice of Supplemental Authorities (ECF No. 31). The Report and Recommendation from Magistrate Judge Levenson of this Court recommending dismissal of an indistinguishable Electronic Communications Privacy Act (ECPA) claim addresses relevant issues raised in BMC's Motion.

The following decision supports BMC's arguments for dismissal in this case:

1. *Doe v. Lawrence Gen. Hosp.*, 1:25-cv-10081, at ECF No. 40, pp. 3–4 (D. Mass. Aug. 29, 2025) (Levenson, M.J.) (**Exhibit A**). Magistrate Judge Levenson recommended dismissal of the plaintiff's ECPA claim and rejected plaintiff's proposed application of the "crime-tort" exception because "[t]he factual allegations of the Complaint fail to plausibly suggest that [the hospital] had any criminal or tortious purpose in utilizing the web tracking tools" and, while "[p]laintiff argues that the web tracking tools had the effect of disclosing sensitive medical

information and even argues that such disclosures violated HIPAA," those "were not goals or objectives that [the hospital] purposefully sought to accomplish" and "[t]here is nothing in the Complaint to suggest that [the hospital] had a conscious purpose in deploying the web tracking tools to disclose information in violation of HIPAA."

In *Doe*, the Court engaged in an exhaustive analysis of the crime-tort exception before deciding not to apply it—like Judge Stearns in *Goulart v. Cape Cod Healthcare, Inc.*, 2025 WL 1745732, at *3–4 (D. Mass. June 2, 2025). For example, analyzing the ECPA's intent requirement, Judge Levenson held that it "is evident that the language 'intercepted *for the purpose* of committing any criminal or tortious act' means that the goal or aim of the interception itself must have been *to use the intercepted information to commit a crime or tort*" and "[i]t is not enough that a crime or tort was a mere side-effect of the interception." *Doe*, 1:25-cv-10081, p. 21 (emphasis supplied). The Court stressed that "the crime or tort required by the crime-tort exception must be separate and independent from the interception itself," *id.*, pp. 22–23, and held that "Plaintiff has failed to plausibly plead a criminal or tortious purpose that is independent of the interception itself." *Id.*, p. 25.

2. The cases addressed in Plaintiff's Second Notice of Supplemental Authorities are not persuasive, are contrary to unanimous decisions from this District, in *Goulart* and *Doe*, and should not be followed here for a variety of reasons:

- In *Williams v. TMC Health*, No. CV-23-00434 (D. Ariz. Aug. 19, 2025), the plaintiffs withdrew their negligence, invasion of privacy, breach of implied contract, and unjust enrichment claims, and, in applying the crime-tort exception, the court relied on the fact that the defendant did not "argue the information alleged to have been disclosed does not qualify as IIHI," which BMC did here (Mem., pp. 6–7, 14; Reply, p. 16).

- In *Jarrett v. Upperline Health, Inc.*, No. 1:23-cv-01261 (S.D. Ind. Aug. 8, 2025), the court dismissed Plaintiff's negligence, breach of implied contract, unjust enrichment, and invasion of privacy claims, only discussing application of the crime-tort exception for three brief paragraphs before applying it in a way that is contrary to both First Circuit and District of Massachusetts precedent.
- *Pattison v. Teladoc Health, Inc.*, 2025 U.S. Dist. LEXIS 121044 (S.D.N.Y. June 25, 2025) was written by the same judge who authored *Gay v. Garnet Health*, 2024 WL 4203263 (S.D.N.Y. Sept. 16, 2024)—a decision Plaintiff already relied on in her Opposition, ECF No. 21, p. 9 n.9—and merely applies *Gay*, before dismissing plaintiffs' negligence, breach of implied contract, and unjust enrichment claims; the Court in *Doe* distinguished *Gay* on the basis that it involved tracking technologies in the patient portal—unlike the claims made here and in *Doe*.
- In *Riganian v. LiveRamp Holdings, Inc.*, 2025 U.S. Dist. LEXIS 138122 (N.D. Cal. July 18, 2025), the "Plaintiffs . . . alleged that LiveRamp intercepted their communications for the purpose of '*associating their data with preexisting* [*identity*] *profiles'* and then *preparing that data for sale on LiveRamp's data marketplace*," (emphasis supplied), allegations that are wholly lacking from this case where Plaintiff merely alleges to have accessed BMC's public website.
- In *Smith v. Rack Room Shoes, Inc.*, 2025 U.S. Dist. LEXIS 149750 (N.D. Cal. Aug. 4, 2025), the court relied on the defendant's alleged "active role in the act of intercepting" to justify application of the crime-tort exception, but, as *Goulart* and *Doe* acknowledged, the ECPA is a one party consent statute and "[i]f a party to a

communication intercepts, or permits a third party to intercept, that communication, there is ordinarily no violation of ECPA," *Doe*, pp. 11–1.

- In *Allen v. Midwest Express Care, Inc.*, 2025 U.S. Dist. LEXIS 151237 (N.D. Ill. Aug. 6, 2025), the court relied on out-of-circuit precedent to apply the crime-tort exception in a way that cannot be harmonized with *Goulart* or *Doe*.

**WHEREFORE**, BMC respectfully requests that the Court consider the authorities and points noted herein when considering its pending Motion to Dismiss.

*/s/ Wm Maxwell Daley*
Linn F. Freedman, BBO #639564
Wystan M. Ackerman, BBO #651086
Wm Maxwell Daley, BBO #694729
**ROBINSON & COLE LLP**
One Boston Place, 26th Floor
Boston, Massachusetts 02108
Tel.: 617-557-5900
Fax: 617-557-5999
lfreedman@rc.com
wackerman@rc.com
wdaley@rc.com

*Attorneys for Defendant Boston Medical Center Corporation*

**CERTIFICATE OF SERVICE**

I, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 26, 2025.

*/s/ Wm Maxwell Daley*
Wm Maxwell Daley