**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **ELIZABETH NOVA, for herself and the Class,** *Plaintiff,* <br> v. <br> **BOSTON MEDICAL CENTER CORPORATION,** *Defendant.* | **C.A. NO.: 1:25-cv-10105-GAO** |

**DEFENDANT BOSTON MEDICAL CENTER CORPORATION'S**
***THIRD* NOTICE OF SUPPLEMENTAL AUTHORITIES**

Defendant Boston Medical Center Corporation ("BMC") respectfully submits this Third Notice of Supplemental Authorities to advise the Court of decisions issued after the close of briefing on BMC's motion to dismiss (the "Motion," ECF Nos. 17, 18) and its First and Second Notices of Supplemental Authorities (ECF Nos. 30, 32), addressing similar claims regarding alleged use of tracking technologies. District Judge Burroughs recent decision ordering dismissal of a virtually identical Electronic Communications Privacy Act (ECPA) claim (and a recent order from the Southern District of California) addresses relevant issues raised in BMC's Motion and supports dismissal here.

The following decisions supports BMC's arguments for dismissal in this case:

1. *McManus v. Tufts Medical Center, Inc.*, 1:25-cv-10008, 2025 WL 2778025, *2–4 (D. Mass. Sept. 29, 2025) (Burroughs, J.). In *McManus*, District Judge Burroughs dismissed the plaintiff's ECPA claim, holding that "the Amended Complaint does not assert facts sufficient to support the inference that Tufts Medical Center intended to commit a criminal or tortious act or that disclosing private medical information to third parties was the 'primary motivation' or a 'determinative factor' in Tufts Medical Center's decision to record health care consumers'

communications using various tracking technologies." *Id.* at *3 (citing *Goulart v. Cape Cod Healthcare, Inc.*, No. 25-cv-10445, 2025 WL 1745732, at *3 (D. Mass. June 24, 2025). In addition to *Goulart*, the Court also relied on cases like *United States v. Vest*, 639 F. Supp. 899, 904 (D. Mass. 1986), *aff'd*, 813 F.2d 477 (1st Cir. 1987) that BMC relied on in the briefing on its Motion. *Id.*

The Court determined that plaintiff's attempts to frame the hospital's use of pixel tracking code "are not sufficient to support the inference that Defendant's purpose was to engage in conduct made impermissible by relevant statutes such as HIPAA or the FTC Act." *Id.* The Court also held that the allegations that the hospital's installation of the code as driven by "'financial motives' . . . are similarly insufficient to satisfy the crime-tort exception." *Id.* As a result, the Court dismissed the ECPA claim, remanding the remaining claims back to state court. *Id.* at *4.

2. *Wright v. Truecare Property Holdings, LLC*, No. 3:25-CV-00786-JES-BLM, 2025 WL 3248749, at *2–3 (S.D. Cal. Nov. 21, 2025). In *Wright*, the court held that the plaintiff's browsing of a public website for healthcare-related information did not constitute PHI, holding that "[c]onclusory or hypothetical explanations of how the Meta Pixel could track sensitive information on a healthcare website, without factual allegations plausibly showing that Plaintiff's own actionable PHI was tracked, are insufficient to survive a motion to dismiss where PHI is required." *Id.* at *2. The Court went on to dismiss the plaintiff's ECPA claim on the basis that plaintiff has not alleged that the contents of a communication were intercepted, where plaintiff alleged that the "Meta Pixel tracked six events categorized as searches, contacts, or page views" but these public website interactions are not "sufficient to plausibly allege that Defendant impermissibly intercepted the 'contents of communication' as required to state a claim under ECPA." *Id.* at *3.

**WHEREFORE**, BMC respectfully requests that the Court consider the authority noted herein when considering its pending Motion to Dismiss.

*<u>/s/ Wystan M. Ackerman</u>*
Linn F. Freedman, BBO #639564
Wystan M. Ackerman, BBO #651086
Wm Maxwell Daley, BBO #694729
**ROBINSON & COLE LLP**
One Boston Place, 26th Floor
Boston, Massachusetts 02108
Tel.: 617-557-5900
Fax: 617-557-5999
lfreedman@rc.com
wackerman@rc.com
wdaley@rc.com

*Attorneys for Defendant Boston Medical Center Corporation*

**CERTIFICATE OF SERVICE**

I, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 26, 2025.

*/s/ Wm Maxwell Daley*
Wm Maxwell Daley