UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**ELIZABETH NOVA, for herself and the Class,**
*Plaintiff,*

**v.**

**BOSTON MEDICAL CENTER CORPORATION,**
*Defendant.*

**C.A. NO.: 1:25-cv-10105**

**DEFENDANT BOSTON MEDICAL CENTER CORPORATION'S**
***FOURTH* NOTICE OF SUPPLEMENTAL AUTHORITIES**

Defendant Boston Medical Center Corporation ("BMC") respectfully submits this Fourth Notice of Supplemental Authorities to advise the Court of decisions that or that it became aware of or were issued after the close of briefing on BMC's motion to dismiss (the "Motion," ECF Nos. 17, 18) and its First, Second, and Third Notices of Supplemental Authorities (ECF Nos. 30, 32, 33), addressing similar claims about the use of tracking technologies or "AdTech." Judges Sorokin and Stearns of this Court recently issued orders dismissing plaintiffs' similar complaints, and their orders address relevant issues raised in BMC's Motion, supporting dismissal here.

The following orders support BMC's arguments for dismissal in this case:

1. *Doe v. Emerson Hosp.*, 1:25-cv-13631, ECF No. 11 (D. Mass. Feb. 11, 2026) (Stearns, J.) (**Ex. A**). Here, Judge Stearns issued a text order dismissing all the similar claims pending against the hospital. There, the plaintiffs did not oppose dismissal of the ECPA claim.[1] The Court went on to hold that: "the Second Amended Complaint (SAC) fails to plausibly allege

[1] Judge Stearns dismissed similar claims in *Goulart v. Cape Cod Healthcare, Inc.*, 2025 WL 1745732, at *4 (D. Mass. June 24, 2025), which is before the United States Court of Appeals for the First Circuit, No. 25-01672.

sufficient factual support to withstand a motion to dismiss," because, while it alleged that plaintiffs "used Emerson Hospital's website and mobile application to, *inter alia*, search for information about doctors or medical conditions, schedule appointments, pay bills for past medical services, review medical records and test results, and submit forms related to their medical conditions and services," it did "not, however, identify any *concrete* examples of searches they ran, payments they made, test results they reviewed, etc." *Id.* The Court concluded that, "[a]t best, [plaintiffs] assert vaguely that they used the website for 'a variety of medical conditions over the years,'" which is not enough to provide Emerson Hospital with adequate notice of the PHI it allegedly disclosed." *Id.*

The Court also held that the plaintiffs' allegations failed to allege "*where*" their PHI could have been accessed and transmitted given the lack of any definitive allegation as to exactly where the AdTech was installed on the Hospital's website. The Court held that it "cannot, without more information, reasonably infer that plaintiffs' PHI was transmitted to third-party advertisers. Plaintiffs' claims, which all hinge on such an inference, accordingly must be dismissed."

The Court further noted that the "plaintiffs do not allege that they attempted to log into the password-protected portion of the website after performing any search on the public website or that they accessed Facebook or Google from the same IP address, such that the searches would be linked to identity information," which it noted was "a significant omission, as plaintiffs' contention that searches performed on the public website may constitute PHI relies on identity-linked data also being disclosed." *Id.*

**2.** *Vita v. Blue Cross and Blue Shield of Massachusetts, Inc. et al*, 1:25-cv-10105, (D. Mass. Oct. 17, 2025) (Sorokin, J.) (**Ex. B**).[2] In *Vita*, District Judge Sorokin dismissed the

[2] Counsel for BMC referenced this order at the January 14, 2026 oral argument on the Motion.

plaintiff's ECPA claim, holding that "[plaintiff]'s threadbare allegations of her own use of the [defendant's] website are insufficient to make her claims for relief plausible." *Id.* at p.1. In support of dismissal, the Court noted the following:

> The "amended complaint spans seventy pages and includes detailed explanations of the relevant technology, the [defendant's] website's operation, and how private personal health information could be obtained through use of the tracking software. But the allegations specific to [plaintiff]—regarding what she did on the website; what, if any, private health information she shared; and whether or how such information was intercepted—are sparse to say the least," and "[plaintiff] also provides examples of the [defendant's] website's use of tracking technologies, which she prefaces with a disclaimer that the examples do <u>not</u> necessarily represent her own experience

*Id.* at p.2, 3 (emphasis in original). The Court went on to hold that plaintiff's "factual allegations fall short of making that claim plausible because she simply alleges virtually nothing regarding her private or confidential information," dismissing the complaint in full. *Id.* at 4.

**WHEREFORE**, BMC respectfully requests that the Court consider the authority noted herein when considering its pending Motion to Dismiss.

*<u>/s/ Wm Maxwell Daley</u>*
Linn F. Freedman, BBO #639564
Wystan M. Ackerman, BBO #651086
Wm Maxwell Daley, BBO #694729
**ROBINSON & COLE LLP**
One Boston Place, 26th Floor
Boston, Massachusetts 02108
Tel.: 617-557-5900
Fax: 617-557-5999
lfreedman@rc.com
wackerman@rc.com
wdaley@rc.com

*Attorneys for Defendant Boston Medical Center Corporation*

**CERTIFICATE OF SERVICE**

I, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 13, 2026.

*/s/ Wm Maxwell Daley*
Wm Maxwell Daley