UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-10105-GAO

ELIZABETH NOVA, for herself and the Class,
Plaintiff,

v.

BOSTON MEDICAL CENTER CORPORATION,
Defendant.

OPINION AND ORDER
September 30, 2026

O'TOOLE, D.J.

Elizabeth Nova, the named plaintiff in this putative class action, alleges that defendant Boston Medical Center Corporation ("BMC") secretly allowed third parties to intercept her "communications" with BMC about protected health information "through tracking technologies hidden on almost all webpages of" BMC's public-facing website. (Notice of Removal, Ex. A at 340–420 ("Am. Compl.") ¶ 3 (dkt. no. 1–1).) As a result of that interception, Nova claims, BMC disclosed her protected information to third parties such as Google and Facebook without her knowledge or consent. On behalf of a putative class alleging similar harms, Nova now seeks to recover damages from BMC for this challenged conduct, which she contends violates several Massachusetts state laws and the Electronic Communications Privacy Act ("ECPA"), the only claim asserted under federal law and hence the source of this Court's subject-matter jurisdiction.

After removing the action to this Court from the Business Litigation Session of the Massachusetts Superior Court, BMC moved to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Nova opposes the motion to dismiss. After the motion to dismiss was fully briefed, Nova filed a separate motion to further amend the operative

complaint. BMC opposes the proposed amendments. Both the motion to dismiss and the motion to amend are now pending before the Court.

For the reasons explained below, the motion to dismiss is GRANTED as to Count I, the ECPA claim, and the motion to amend is DENIED.

## I. Motion to Dismiss

The threshold question presented by BMC's motion to dismiss the amended complaint is whether Nova has plausibly alleged that the ECPA's crime-tort exception applies.[1]

The ECPA's crime-tort exception provides, in relevant part, "[i]t shall not be unlawful . . . to intercept a wire, oral, or electronic communication where such person is a party to the communication . . . unless such communication is intercepted for the purpose of committing any criminal or tortious act." 18 U.S.C. § 2511(d). "[P]urpose is" thus "an essential element" of an ECPA claim. Caine v. Sturdy Mem'l Hosp., Inc., Civil Action No. 25-CV-10261-ADB, 2026 WL 673483, at *3 (D. Mass. Mar. 10, 2026) (quoting Doe v. Lawrence Gen. Hosp., Civil Action No. 25-CV-10081-NMG, 2025 WL 2808055, at *12 (D. Mass. Aug. 29, 2025) (Levenson, J.), report and recommendation adopted in relevant part by, 2025 WL 2807673 (D. Mass. Sep. 30, 2025)). The party invoking the exception must therefore show "either '(1) that the primary motivation, or (2) that a determinative factor in the actor's motivation for intercepting the conversation was to commit a criminal, tortious, or other injurious act.'" See United States v. Cassiere, 4 F.3d 1006, 1021 (1st Cir. 1993) (quoting United States v. Vest, 639 F. Supp. 899, 904 (D. Mass. 1986)).

[1] This question has been addressed by several other sessions of this District Court. See, e.g., Doe v. Children's Hosp. Corp., Civil Action No. 25-CV-10343-PBS, 2026 WL 1893758, at *2 (D. Mass. July 1, 2026) (reaching a different conclusion than this Opinion and Order and collecting cases).

Accordingly, to adequately allege that the exception is implicated here, Nova must "plead facts showing that [BMC] purposefully—not merely knowingly or negligently—committed criminal or tortious acts," see Caine, 2026 WL 673483, at *3, "independent of the act of recording itself," see Caro v. Weintraub, 618 F.3d 94, 100 (2d Cir. 2010). BMC argues that Nova has failed to make this required showing. In its view, the amended complaint alleges that the challenged interception "was carried out for a *commercial* purpose." (Def. Bos. Med. Ctr. Corp.'s Mem. of Law in Supp. of its Mot. to Dismiss at 6 (emphasis in original) (dkt. no. 18).) For example, BMC emphasizes that, according to the amended complaint, "BMC actively facilitated the third-party interception . . . for business reasons." (Id. (quoting Am. Compl. ¶ 30) (alteration in original).) BMC also points to Nova's allegation that the challenged interception "was for BMC's commercial advantage to increase revenue from existing patients and gain new patients." (Id. (quoting Am. Compl. ¶ 181).) Such motivations, BMC argues, are not tortious or criminal in nature.

Nova counters that the amended complaint adequately alleges that BMC's interception violated a criminal statute under the Health Insurance Portability and Accountability Act ("HIPAA") and, independently, several Massachusetts tort laws. As to the latter, Nova argues that "[a]lthough the precise elements of [the state law] torts vary, the tortious purpose for each is the same—the intentional disclosure to third parties of communications in contradiction to BMC's own published policies and consumers' reasonable expectations of privacy." (Pl.'s Opp'n to Def.'s Mot. to Dismiss Am. Compl. ("Pl.'s Opp'n") at 6 (dkt. no. 21).)

On this point, the defendant has the better argument. Critically, the amended complaint lacks plausible factual allegations supporting an inference that BMC "was primarily or determinatively motivated" to violate the privacy interests of its patients—or other users of its public-facing website—by deploying the tracking technologies at issue. See Doe v. Lawrence Gen.

Hosp., Civil Action No. 25-10081-NMG, 2026 WL 2823571, at *3 (D. Mass. Sept. 21, 2026) (citing Cassiere, 4 F.3d at 1021). Instead, the Court agrees with the defendant that the facts alleged in the amended complaint merely support an inference that BMC's purpose in deploying the tracking technologies was commercial in nature, namely for its own business and marketing interests.

Nova further contends that the exception applies because the amended complaint adequately alleges that BMC violated a criminal HIPAA statute, 42 U.S.C. § 1320d-6, by disclosing to third parties her individually identifiable health information ("IIHI"), as well as that of other members of the putative class. (See, e.g., Am. Compl. ¶¶ 176–78.) But, as another session of this District Court recently explained in a report and recommendation discussing a similar set of claims, § 1320d-6 does not apply to "IIHI in the abstract." See Doe v. Lawrence Gen. Hosp., Civil Action No. 25-10081-NMG, slip op. at 23 (D. Mass. filed July 29, 2026) report and recommendation adopted by, 2026 WL 2823571 (D. Mass. Sept. 21, 2026). Rather, that statute governs "information [that] *is maintained* by a covered entity," id. at 22 (quoting 42 U.S.C. § 1320d-6(a)) (emphasis in original), in a "record set," id. at 23 (quoting 45 C.F.R. § 164.501). Nova alleges that the tracking technologies at issue in this case were "loaded in the background" of BMC's website, (Am. Compl. ¶ 61), in order to "intercept and transmit to third parties the contents of communications . . . contemporaneously with those communications" and "before the webpage has even completed loading," (id. ¶ 62). Those allegations do not support an inference that the intercepted information was part of a HIPAA-regulated patient file or record set that a hospital like BMC would maintain.

To be sure, the amended complaint does allege that the challenged tracking technologies were deployed on the publicly available login page for BMC's patient portal. (See, e.g., id. ¶ 110.)

The amended complaint does not, however, allege that BMC deployed the tracking technologies on non-public pages *within* the portal. (See Pl.'s Opp'n at 8 (arguing that "BMC used tracking technologies on pages showing a user is *about to* log into the BMC patient portal") (emphasis added).) In short, Nova's allegations do not support an inference that BMC "maintains" the private information allegedly disclosed to third parties, and thus, the amended complaint does not plausibly allege that BMC violated § 1320d-6.

## II. Motion to Amend

The motion to amend is denied as futile because the proposed second amended complaint does not cure the defects in the operative complaint. Nova argues that the proposed amended allegations demonstrate that "BMC's purpose in disclosing patient communications to third parties was criminal or tortious." (See Mem. of Law in Supp. of Pl.'s Mot. for Leave to File Second Am. Compl. ("Pl.'s Mot. to Amend") at 13 (dkt. no. 37).) Like the operative complaint, however, the allegations in the proposed second amended complaint still point to a commercial purpose—i.e., marketing and advertising—and not a criminal or tortious purpose for BMC's use of the challenged tracking technologies. For example, the proposed amendments to paragraph 124 allege that:

> BMC intercepts and transmits to Google the communication through which an individual seeks to find a doctor on the BMC Website, and Google retains the intercepted communications and associates it with the individual's real-world identity. Google and BMC subsequently use the contents of such intercepted communications *for commercial and marketing purposes*, *including BMC's targeted advertising to particular individuals on Google's advertising platforms*.

(Mem. of Law in Supp. of Pl.'s Mot. for Leave to File Second Am. Compl., Ex. A ("Proposed Compl.") ¶ 124 (emphasis added) (dkt. no. 37–1).) These allegations of "targeted advertising" and "marketing purposes" point to a business or commercial interest, not a criminal or tortious purpose, behind the challenged interceptions.

Moreover, the proposed amendments continue to allege that the tracking technologies intercept the "communications" at issue "contemporaneously" and "before the [relevant] webpage has even completed loading." (Id. ¶ 79.) As to the use of tracking technologies *inside* of BMC's patient portal, the proposed amended complaint alleges that "[b]efore discovery, [Nova] cannot know with certainty whether and to what extent BMC during any portion of the relevant period used tracking technologies within the dynamically generated pages accessed after a patient logs into the patient portal." (See id. ¶ 144.) These proposed amended allegations do not support an inference that the intercepted information is maintained by BMC as part of a HIPAA-regulated record set. Thus, the proposed second amended complaint—like the operative complaint—does not plausibly allege that BMC violated 42 U.S.C. § 1320d-6.

Nova alternatively argues that her proposed amended allegation that BMC "knowingly disclosed HIPAA-protected and other private information for marketing purposes and revenue enhancement" is sufficient to invoke the ECPA's exception. (See Pl.'s Mot. to Amend at 13.) The proposed amended complaint includes what purport to be examples of the "targeted advertising" behind this alleged marketing purpose. (Proposed Compl. ¶ 50.) Notably, the advertisements depicted are apparently designed to market and promote BMC's own services. (See id.) Accordingly, on their face, the advertisements fall outside HIPAA's regulatory definition of "marketing" under 45 C.F.R. § 164.508, which does not apply to communications describing "a health-related product or service . . . that is provided by . . . the covered entity making the communication." See Doe, 2026 WL 2823571, at *4–5 (first alteration in original) (quoting 45 C.F.R. § 164.501).

To summarize, Nova's proposed "complaint, as amended, would fail to state a claim upon which relief could be granted," see Rife v. One W. Bank, F.S.B., 873 F.3d 17, 21 (1st Cir. 2017)

(per curiam) (quoting Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996)), because it fails to cure the defects of the operative complaint. The motion to amend is therefore DENIED as futile.

Count I, the ECPA claim, is the only claim alleged under federal law. The Court declines to exercise jurisdiction over the remaining state law claims, which are consequently REMANDED to the Business Litigation Session.

## III. Conclusion

For the foregoing reasons, the plaintiff's Motion for Leave to File Second Amended Complaint (dkt. no. 36) is DENIED. The defendant's Rule 12(b)(6) Motion to Dismiss (dkt. no. 17) is GRANTED as to Count I of the amended complaint. The Court declines to exercise jurisdiction over the remaining state law claims asserted, which shall be REMANDED to the Massachusetts Superior Court.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge